# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50756
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS CARLOS GONZALEZ-HERRERA, also known as Luis Carlos Gonzales Herrera, also known as Luis Carlos Herrera-Gonzalez, also known as Carlos Luis Gonzalez-Herrera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-573-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Luis Carlos Gonzalez-Herrera pleaded guilty to illegal reentry and was sentenced to 24 months in prison and three years of supervised release. Gonzalez-Herrera's guilty plea was conditional, reserving the right to challenge the district court's denial of a motion to dismiss the indictment. On appeal he reiterates his argument that the immigration court in his initial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50756

removal proceeding never acquired jurisdiction because his notice to appear failed to specify a date and time of hearing.  This, he contends, renders the removal order entered against him a nullity, leaving the Government unable to prove an essential element of the offense.  As to 8 U.S.C. § 1326(d), which limits an alien's ability to collaterally attack a removal order, Gonzalez-Herrera asserts that it poses no obstacle here because his argument is jurisdictional in nature and because, given the state of the law at the time of his initial removal proceeding, he is excused from meeting the requirements of § 1326(d)(1) and (2).

Gonzalez-Herrera concedes that these arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and for the most part we agree.  There too the defendant argued that failure to include date-and-time information in a notice to appear is a jurisdictional defect, and we found this argument to be both without merit and barred by § 1326(d) for failure to exhaust.  933 F.3d at 496-98.  Those conclusions apply with equal force to the identical and similarly unexhausted claim of Gonzalez-Herrera.

*Pedroza-Rocha* does not speak to Gonzalez-Herrera's contention that he can escape the strictures of § 1326(d)(1) and (2) under a "futility" exception, but other authority shows this argument to be unavailing.  An alien "must prove all three prongs" of § 1326(d) to successfully challenge a prior removal order.  *United States v. Cordova-Soto*, 804 F.3d 714, 719 (5th Cir. 2015).  In claiming fundamental unfairness under the final prong of § 1326(d), Gonzalez-Herrera relies solely on the jurisdictional argument that *Pedroza-Rocha* foreclosed.  Any argument as to prongs one and two is therefore moot.  *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003) ("If the alien

fails to establish one prong of the three part test, the Court need not consider the others.").

For the foregoing reasons, we DENY the Government's motion for summary affirmance, DENY as unnecessary its alternative motion for an extension of time to file a brief, and AFFIRM the judgment of the district court.